**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL BANDER; ISYNERJI GLOBAL, INC., | No. 19-55564 |
| Appellants, | D.C. No. 8:18-cv-00781-DMG |
| v. | MEMORANDUM* |
| MISTY ANN PERRY ISAACSON; PAGTER AND PERRY ISAACSON, APLC, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Joel Bander and Isynerji Global, Inc. (collectively, "Appellants") appeal the district court's judgment affirming the bankruptcy court's denial of Appellants' motion for leave to sue Misty Isaacson, the court-appointed special discovery mediator in Appellants' adversary action. We have jurisdiction under 28 U.S.C. § 1291. We review the bankruptcy court's order denying leave to sue for an abuse of discretion, *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1094 (9th Cir. 2016), and we affirm.

Paul Allen filed a defamation action against Appellants in state court, which resulted in Appellants obtaining a judgment for attorneys' fees and costs against Allen. *See Allen v. Bander*, No. B263586, 2015 WL 7180732, at *1 (Cal. Ct. App. Nov. 16, 2015). Allen filed a Chapter 7 bankruptcy petition and sought to discharge the judgment from the defamation action. Appellants subsequently filed an adversary complaint against Allen seeking a declaration that the judgment from the defamation action was non-dischargeable due to Allen's "willful and malicious" conduct. *See* 11 U.S.C. § 523(a)(6). The bankruptcy judge appointed Isaacson as the special discovery mediator to assist the court in resolving discovery disputes that arose in the adversary action. For the next nine months, Isaacson assisted the bankruptcy court in resolving discovery disputes in the adversary action.

Several months after Isaacson's appointment, Bander informed Isaacson about an alleged conflict of interest: an attorney at Isaacson's law firm, R. Gibson

2

Pagter, had represented a creditor in an unrelated adversary action against Bander in 2005. Isaacson immediately moved to terminate her appointment as the special discovery mediator, and the bankruptcy court granted Isaacson's motion. Bander later demanded that Isaacson refund $11,836.84 in fees that Appellants had paid Isaacson for her work as the special discovery mediator, but Isaacson refused. Appellants then filed in the bankruptcy court a motion for a declaration that leave was not required to sue Isaacson in state court or, in the alternative, permission to sue Isaacson in state court. Appellants' claims against Isaacson are based on Isaacson's alleged failure to perform a conflict check before she agreed to serve as the special discovery mediator in the adversary action. The bankruptcy court denied Appellants' motion, and the district court affirmed. Appellants timely appealed to this court.

1. The district court properly concluded that the *Barton*[1] doctrine applied to Appellants' claims against Isaacson. Under the *Barton* doctrine, "plaintiffs must obtain authorization from the bankruptcy court before 'initiat[ing] an action in another forum' against certain officers appointed by the bankruptcy court for actions the officers have taken in their official capacities." *In re Yellowstone*, 841 F.3d at 1094 (alteration in original) (quoting *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005)). "The touchstone of the *Barton*

---

[1] *Barton v. Barbour*, 104 U.S. 126 (1881).

3

inquiry is whether a suit challenges 'acts done in [the officer's] official capacity and within his authority as an officer of the Court.'" *Id.* (citation omitted). "The rationale for this doctrine is that '[t]he requirement of uniform application of the bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought *either* in bankruptcy court or with leave of the bankruptcy court.'" *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009) (quoting *In re Crown Vantage, Inc.*, 421 F.3d at 971).

Appellants argue that the *Barton* doctrine does not apply to their claims against Isaacson because their claims are based on conduct that occurred before the court appointed Isaacson as the special discovery mediator. We disagree. Isaacson's failure to perform a conflict check resulted in Isaacson accepting her appointment as the special discovery mediator in Appellants' adversary action against Allen. Although Isaacson's alleged breach occurred before Isaacson became the special discovery mediator, the effects of the breach may be a basis on which to disqualify her from acting in that capacity. Isaacson's failure to discover the alleged conflict allowed her to accept the appointment from the bankruptcy court, and any harm to appellant occurred *after* she became the special discovery mediator.

Appellants also argue that the *Barton* doctrine does not apply to their claims against Isaacson because Isaacson's position as a special discovery mediator does not affect the bankruptcy estate in the underlying Chapter 7 bankruptcy proceeding.

4

But Isaacson's actions in her capacity as the special discovery mediator could affect Allen's bankruptcy estate. For example, if Isaacson did not allow discovery that demonstrates Allen's actions in the defamation case were "willful and malicious," the judgment from the defamation action could be dischargeable, *see* 11 U.S.C. § 523(a)(6), and more money could be in Allen's estate for distribution to other creditors.

Because Appellants' action against Isaacson could affect Allen's bankruptcy estate, and the effects of Isaacson's alleged breach disqualified her from acting as the special discovery mediator in the adversary action, the district court properly applied *Barton* to Appellants' action against Isaacson. Appellants therefore were required to seek permission from the bankruptcy court before filing a lawsuit against Isaacson in state court.

2. The bankruptcy court properly denied Appellants motion for leave to sue Isaacson in state court. This court has instructed bankruptcy courts to apply a five-factor test to decide whether to grant leave to sue in another forum pursuant to *Barton* or to retain jurisdiction over the claims in bankruptcy court. *See In re Yellowstone*, 841 F.3d at 1096. These factors include: "(1) whether the acts complained of 'relate to the carrying on of the business connected with the property of the bankruptcy estate,' (2) whether the claims concern the actions of the officer while administering the estate, (3) whether the officer is entitled to quasi-judicial or

derived judicial immunity, (4) whether the plaintiff seeks a personal judgment against the officer and (5) whether the claims seek relief for breach of fiduciary duty, through either negligent or willful conduct." *Id.* (citation omitted).

Even if we were to find that the bankruptcy court abused its discretion because it failed to apply this five-factor test to decide whether to grant Appellants leave to sue Isaacson in state court, *see United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009), that error was harmless. Appellants were not prejudiced by the bankruptcy court's denial of leave to sue Isaacson in state court because Appellants do not point to any of Isaacson's actions or rulings that adversely affected their interests in Bander's adversary action against debtor Allen.

**AFFIRMED.**